## S. H. LOCKWOOD v. THE STATE.

*No. 71. Decided May 6.*

1. **Service of Copy of Indictment — Practice where Second Indictment has been Found.**—Where an original indictment has been dismissed for defects by the prosecuting attorney, and a second indictment is preferred for the same offense, defendant is entitled, after his arrest under said second indictment, to service of copy of same at least two entire days before he can be placed upon trial, unless the same is waived by him.

2. **Evidence—Unrecorded Bill of Sale.**—The fact that a bill of sale has not been acknowledged or recorded, nor the fact that it was not filed in the cause three days prior to the trial, are not valid objections to its introduction in evidence, where its execution and delivery were proved by a witness, without objection.

3. **Same.**—The fact that a bill of sale has neither been acknowledged nor recorded, does not render it inadmissible in evidence.

4. **Same—Unrecorded Brand.**—An unrecorded brand may be admitted in evidence as a circumstance or fact tending to establish the identity of the alleged stolen animal.

APPEAL from the District Court of Hale.    Tried below before Hon. W. R. McGILL.

Appellant was indicted for the theft of one head of cattle, the property of one J. H. Carter.    At his trial he was convicted, and his punishment affixed by verdict and judgment at two years confinement in the penitentiary..

In view of the disposition made of this case on appeal, it becomes unnecessary to make a statement of the facts.

No briefs have come to the hands of the Reporter.

DAVIDSON, JUDGE.—1.  Defendant had been previously indicted for the same offense, but the indictment being defective, the prosecution was dismissed by the district attorney.  Another indictment in the meantime having been obtained, the defendant was again arrested; and within about twenty minutes after service of the copy of the second indictment he was arraigned, and required to answer.  Objections were interposed to this summary proceeding, and the two days allowed by the statute demanded, to the end that he might prepare for his trial.  He was in custody at the time.  This was refused, and the trial continued to his conviction.  This was error.  The fact that the second indictment charges the same offense as that charged in the first does not deprive the accused of the time allowed by the statute in which to prepare for trial.  When, as in this case, the first indictment is dismissed, that cause passes from the docket, and the accused is at once entitled to his liberty.  The bail bond, in such state of case, under the first proceedings, becomes functus officio, hence the occasion of the second arrest; otherwise such second arrest would be unauthorized.  The second arrest, then, being legal and proper, the arrested party is entitled to the statutory service of a copy of the second indictment, unless waived by him.  Code Crim. Proc., arts. 504, 505, 510, 532;  Woodall v. The State, 25 Texas Cr. App., 617; Abrigo v. The State, 29 Texas Cr. App., 143.

2.  Defendant's objection to the introduction of the bill of sale made to Stringfellow by himself, because it had not been filed in the cause three days prior to the trial, and because it had not been recorded, or even acknowledged, was not well taken.  Its execution and delivery were proved by Stringfellow without objection.  Abrigo v. The State, 29 Texas Cr. App., 143; Williams v. The State, 30 Texas Cr. App., 153. That it was unrecorded and not acknowledged did not render it inadmissible.  Morrow v. The State, 22 Texas Cr. App., 239.

3. An unrecorded brand may be admitted in evidence as a circumstance or fact tending to establish the identity of an animal; wherefore the court did not err in admitting in evidence the unrecorded J S brand. Coombes v. The State, 17 Texas Cr. App., 258.

4. The action of the court in relation to the manner of polling the jury, as well as overruling the first application for a continuance, if erroneous, will not occur again, and is therefore not discussed.

The judgment is reversed and remanded for another trial.

*Reversed and remanded.*

Judges all present and concurring.