HERRERA et al. v. MARQUEZ.    (No. 521.)

(Court of Civil Appeals of Texas.    El Paso.
Jan. 27, 1916.)

1. SEQUESTRATION ⊙═16—VERDICT—TITLE.

In a suit to recover 127 hides alleged to be of the value of $4.50 each or a total value of $571.50, in which plaintiff issued a writ of sequestration under which they were seized, and where they were replevied by defendant, a verdict for plaintiff should have disposed of the issue of title, rather than finding for him in a sum certain.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 33, 34; Dec. Dig. ⊙═16.]

2. SEQUESTRATION ⊙═16 — VERDICT — VALUE OF PROPERTY.

In such suit, and in view of Rev. St. 1911, art. 7107, giving the defendants the right to return all of the hides in satisfaction of the judgment or part of them in satisfaction pro tanto, the verdict, if resolving the issue of title in favor of the plaintiff, should have found the value of each of the replevied hides.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 33, 34; Dec. Dig. ⊙═16.]

3. SEQUESTRATION ⊙═16—MEASURE OF DAMAGES—MARKET VALUE.

In a suit to recover hides, where plaintiff issued a writ of sequestration, and defendants replevied, the damages were to be determined by their market value at the time of trial, when the question arises in the original suit and under Rev. St. 1911, art. 7106, relating to the return of the bond and judgment thereon.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 33, 34; Dec. Dig. ⊙═16.]

4. SEQUESTRATION ⊙═16 — DAMAGES — EVIDENCE.

In such suit, where the only evidence of value was that of a deponent that the hides were of the market value of $5 each, but whose testimony did not show when they were of such value, there was no evidence before the jury by which they could correctly measure plaintiff's damages, and a peremptory charge that the undisputed evidence showed the hides to be of a certain value was error.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 33, 34; Dec. Dig. ⊙═16.]

5. ANIMALS ⊙═10—BRANDS—EVIDENCE.

In such suit plaintiff's brand, even if not properly recorded in the county, was admissible to prove the identity of the animals from which the hides were taken if the ownership of the animals with that brand was otherwise proven, and, if the brand was not recorded at all, it would be admissible as a fact tending to establish the identity of the animals from which the hides came.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 8–12; Dec. Dig. ⊙═10.]

Appeal from Presidio County Court; H. H. Kilpatrick, Judge.

Action by Rafael Marquez against D. Herrera and others, with writ of sequestration by plaintiff and replevy by defendants. Judgment for plaintiff against defendants, and the surety on their replevy bond, and they appeal. Reversed and remanded.

C. E. Mead and K. C. Miller, both of Marfa, for appellants. Belcher & Sutton, of Marfa, for appellee.

HIGGINS, J. Marquez brought this suit against D. Herrera and Theo. Ehrenberger to recover 127 hides, alleged to be of the value of $4.50 each, or a total value of $571.50. Judgment was prayed for the title and possession of said hides or the value thereof aforesaid. A writ of sequestration was issued under which the hides were seized. Thereafter same were replevied by defendants.

Upon trial, a verdict was returned as follows: "We, the jury, find for the plaintiff for the amount prayed for, $571.50." Judgment was thereon rendered in plaintiff's favor against defendants and the surety upon their replevy bond in the sum of $571.50.

[1] By proper assignments, appellants question the sufficiency and correctness of the verdict and judgment herein. The verdict should have disposed of the issue of title, rather than finding in plaintiff's favor for a sum certain.

[2] If the issue of title was resolved in favor of plaintiff, the verdict in addition should have found the value of each of the replevied hides. The judgment should have shown such value as the defendants had the right to return all of the hides in satisfaction of the judgment or part of them in satisfaction thereof, pro tanto. R. S. art. 7107; Blakely v. Duncan, 4 Tex. 184; Cook v. Halsell, 65 Tex. 1; Avery & Sons v. Dickson, 49 S. W. 662; Ratliff v. Gordon, 149 S. W. 196; Bateman v. Hipp, 111 S. W. 973.

This is always the case, unless it is shown the property has been disposed of by the parties who replevied it, or that for some other reason it cannot be produced. Herder v. Clothing Co., 37 S. W. 784; Pipkin v. Tinch, 97 S. W. 1077.

---

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[3] Error is assigned to that portion of the court's charge upon the measure of damage. The measure of damage announced was the reasonable market value of the hides at the time they were taken. This was error. The value of property sequestered and retained by defendants under replevy bond should be determined by its market value at the time of trial when the question arises in the original suit and under the statute. R. S. art. 7106; Luedde v. Hooper, 95 Tex. 172, 66 S. W. 55; Talcott v. Rose, 64 S. W. 1009.

[4] This portion of the charge also peremptorily instructed the jury that the undisputed evidence showed the hides to be of the value of $571.50. The only evidence of value called to our attention is that of G. A. Harvard who, by deposition, testified the hides were of the market value of $5 each. His testimony does not show at what date they were of this value, and hence there was no evidence before the jury by which, under the authorities above noted, they could correctly measure plaintiff's damage, if he were otherwise entitled to recover.

[5] In view of a retrial, we deem it proper to say—with reference to the assignment complaining of the evidence offered of plaintiff's brand—that such brand, even if not properly recorded in El Paso county, is admissible for the purpose of proving the identity of the animals from which the hides were taken, if the ownership of the animals with that brand be otherwise proven by the testimony of plaintiff or in any other proper way. If not recorded at all, it would be admissible as a fact tending to establish the identity of the animals from which the hides came. Poage v. State, 43 Tex. 454; Gregory v. Nunn, 25 S. W. 1083; Lockwood v. State, 32 Tex. Cr. R. 137, 22 S. W. 413.

The fifth assignment questions the sufficiency of the evidence. In view of a retrial, we refrain from commenting upon the probative force of the evidence, and therefore do not pass upon this assignment.

Reversed and remanded.