## ALDERETE v. WESTERN INDEMNITY CO.  (No. 1804.)

(Court of Civil Appeals of Texas.  El Paso. Nov. 19, 1925.)

Replevin ⬤�longdash⟶124(3)—Measure of damages on replevy bond is market value at time of trial.

In suit on replevy bond, given to release sequestered automobile, it was error to render judgment against surety's estate on value of automobile at time of execution of bond, instead of on value thereof at time of trial.

Appeal from El Paso County Court, at Law; J. M. Deaver, Judge.

Suit by the Western Indemnity Company against F. G. Alderete, administrator of the estate of Isaac Alderete, deceased.  From a judgment for plaintiff, defendant appeals. Reversed and remanded.

C. L. Vowell, of El Paso, for appellant.
C. H. Kirkland, of El Paso, for appellee.

PELPHERY, C. J.  This suit was brought by appellee for the purpose of collecting or enforcing a judgment rendered on the 29th day of May, 1923, in the El Paso county court at law, against C. E. De Estavillo, in the sum of $375, together with $22.40 costs, and 8 per cent. interest; said cause being No. 6298 on the docket of said court.

The grounds alleged by appellee were that a sequestration suit was brought against the said De Estavillo in said county court at law on the 29th day of February, 1918; that said writ of sequestration was levied upon an automobile; that said De Estavillo replevied said automobile by giving a replevy bond which was signed by Isaac Alderete in his lifetime, together with C. A. Stewart, Edward G. Marsh, and R. H. MacGonagill, as cosureties on said bond.  Trial was had in this case upon a first amended original petition filed on the 25th day of January, 1925, in which it was further alleged that said case against De Estavillo was one of a series of cases involving the same legal question as the case of Western Indemnity Co. v. W. N. Thomas, No. 6355, which was tried as a test case, and that from a judgment rendered in said case an appeal was prosecuted to this court (206 S. W. 944); that certain questions arising in said case were certified by this court to the Supreme Court.  The questions certified were answered by the Supreme Court on the 6th day of December, 1922 (112 Tex. 132, 246 S. W. 345), and on February 21, 1923, this court affirmed the judgment of the trial court in the Thomas Case, 278 S. W. 265; petition further alleging that the case against De Estavillo remained on the docket of the county court at law awaiting the final determination of the Thomas Case.  It was further alleged that the said De Estavillo did not surrender back into the hands of the sheriff within 10 days from the judgment against him said automobile, and has not since returned same; that the sureties on the replevy bond made no surrender of the automobile; that no payments have been made upon the judgment; and that it is now a valid and subsisting judgment.  The petition further alleges that Isaac Alderete died on the 22d day of June, 1918, and that appellant, F. G. Alderete, is the duly appointed and qualified administrator of his estate, which is still in the course of administration; that claim of appellee was duly presented to said administrator on August 30, 1924, and by him refused.  Appellee prayed for judgment against said administrator for the sum of $272.40.

Appellant pleaded the statutes of limitation of four years, two years, one year, and ninety days, and excepted to all matters alleged in appellee's petition in regard to the case against De Estavillo being a series of cases and that it should await the decision of some other case, because there was no pleading showing that the surety, Isaac Alderete, was a party to any such understanding or agreement or had any knowledge thereof.  Appellant further pleaded that the judgment against De Estavillo could not be taken as a measure of the liability of the deceased party on the replevy bond, because neither he nor his personal representative was ever served with citation or present, or parties to said judgment. He further pleaded that the judgment against De Estavillo was invalid because it did not find against the sureties on said replevy bond jointly and severally.  Appellee further excepted to the petition as not praying for the true measure of damages on the replevy

bond, which he claims would be the market value of the property at the time of trial.

Appellants' exceptions and pleas were overruled by the court, and, upon trial before the court a judgment was rendered against appellant for $250, with interest at the rate of 6 per cent. per annum and all costs of court.

The court filed findings of fact and conclusions of law as follows:

### "Findings of Fact.

"I find that the plaintiff (Western Indemnity Company) is a corporation having its principal office and domicile in the city of Dallas, Dallas county, Tex.; and that F. G. Alderete, administrator of the estate of Isaac Alderete, deceased, is a resident of El Paso county, Tex.

"I find that a few days before the 20th day of February, 1918, the plaintiff herein instituted suit in the El Paso county court at law, against one C. E. De Estavillo, defendant, No. 6298 on the docket of said court, for the sum of $375, and to foreclose a lien upon two certain automobiles; and that a writ of sequestration issued in said cause, and was by the sheriff levied upon a certain Ford automobile, engine No. 1566766, the property of C. E. De Estavillo.

"I find that on or about the 20th day of February, 1918, C. E. De Estavillo, as principal, made, executed, and delivered to Seth B. Orndorff, sheriff of El Paso county, Tex., the replevy bond with Isaac Alderete, C. A. Stewart, Edward G. Marsh, and R. H. MacGonagill, as sureties, conditioned that he would have said automobile with the value of the fruits, hires, and revenues thereof forthcoming to abide the decision of the court; and he would pay to the plaintiff the value of the fruits, hires, and revenue thereof, in case he should be condemned to do so; and that the sum fixed in said replevy bond was $500; and that by reason of the execution of said replevy bond C. E. De Estavillo recovered possession of said automobile out of the hands of the sheriff; and I find the value of said automobile at that time to be $250.

"I find that cause No. 6355, entitled Western Indemnity Co. v. W. N. Thomas, upon the docket of the El Paso county court at law, had the same question of law involved in it as was involved in cause No. 6298; and that said cause No. 6355 was tried as a test case; and that from the judgment of this court an appeal was permitted to the Court of Civil Appeals for the Eighth Supreme Judicial District of Texas; and that said Court of Civil Appeals certified said questions of law involved in said case to the Supreme Court; and that when the Supreme Court of Texas, on the 6th day of December, 1922, answered said questions of law, the Court of Civil Appeals on February 21, 1923, affirmed the judgment of the trial court and disposed of the test case.

"And I also find that during the appeal of said cause No. 6355, that cause No. 6298 with many others remained on the docket of this court awaiting the outcome and result of said test case.

"I find that on the 29th day of May, 1923, in the El Paso county court at law, a final judgment was rendered in favor of the plaintiff herein against said C. E. De Estavillo in the sum of $375, together with $22.00 costs and

8 per cent. interest per annum thereon from said date and adjudication of a chattel mortgage lien against said automobile and a foreclosure thereof was awarded; and that a judgment was rendered in favor of the plaintiff, and against C. E. De Estavillo, as principal, C. A. Stewart, Edward G. Marsh, and R. H. MacGonagill, as sureties, in the sum of $250, and it was awarded its execution; and that said judgment concluded as follows:

"'It is further ordered and adjudged that plaintiff's cause is hereby dismissed as against Isaac Alderete, without prejudice to the right of plaintiff to seek to recover against Isaac Alderete, or his personal representatives or heirs, in any other suit in any court having jurisdiction in accordance with the law.

"'I find that C. E. De Estavillo did not surrender back into the hands of Seth B. Orndorff, sheriff of El Paso county, within 10 days after the 29th day of May, 1923, said automobile; and that he has not since at any time returned it into the hands of the sheriff.

"'I also find that no amount of money or payments have been made against said judgment.

"'I find that Isaac Alderete is dead, and that he died about the 22d day of June, 1918. I find that on March 22, 1919, F. G. Alderete was duly appointed and qualified as administrator of the estate of Isaac Alderete, deceased, and that he has been acting as such at all times since; and that he is now duly qualified, and acting administrator of the estate of Isaac Alderete; and that said estate is now in the course of administration; and that said estate has not been distributed or portioned or closed, nor any orders of partition or distribution thereof been made by the county court of El Paso county, Tex., which is the court where said estate is being administered.

"'I find that on or about the 30th day of August, 1924, plaintiff herein presented its claim properly and duly authenticated and verified, as is required by law, to F. G. Alderete, administrator of said estate, and that he failed and refused and still fails and refuses to allow the same; and that on the 15th day of October, 1924, plaintiff filed in this court his suit against F. G. Alderete, administrator of said estate.

"'I find that Isaac Alderete was not a party to the agreement to await the determination of the Court of Civil Appeals in cause No. 6355; and that he had no knowledge of such understanding nor gave any assent thereto.

"'I find that Ike Alderete was never served with a citation in cause No. 6298; that he never filed an answer in said cause, was not present and had no knowledge of said judgment.

"'I also find that F. G. Alderete, administrator of the estate of Isaac Alderete, was never made a party to said suit.

"'I also find that no claim arising out of this cause of action was ever presented to F. G. Alderete, as administrator of said estate, until the 30th day of August, 1924.'"

### "Conclusions of Law.

"I conclude as a matter of law that no liability arose upon the replevy bond mentioned in my findings until 10 days after the 29th day of May, 1923, and that no liability having accrued until that day, defendant F. G. Alderete, administrator of the estate of Isaac Alderete,

deceased, is liable for the value of said car, together with the costs, and therefore render judgment accordingly."

Appellant presents several propositions under his assignments of error, but in our opinion the one relative to the measure of damages found by the court on the replevy bond is the only one that need be considered in disposing of this case.

The trial court found that the value of the automobile, at the time of the execution of the replevy bond, was $250, and made no finding as to its value at the time of trial, as in our opinion was a necessary finding upon which to base a judgment. The trial court evidently rendered judgment upon the value of the automobile, as he found it to be, at the time of the execution of the replevy bond, and in so doing was in error. There was, at one time, some conflict as to the measure of damages recoverable from the sureties on a replevy bond; but our Supreme Court has definitely settled that question and fixed the amount as the market value of the property at the time of trial. Luedde et al. v. Hooper, 95 Tex. 172, 66 S. W. 55. This decision seems to have been followed by an unbroken line of decisions of our courts, and was adopted by this court in the case of Herrera et al. v. Marquez (Tex. Civ. App.) 182 S. W. 1143.

We have examined the other assignments of error of appellant, and are of the opinion that no error is presented by them.

There being no finding by the court as to the market value of the property at the time of trial, upon which a valid judgment could be rendered, the judgment of the trial court must be reversed and remanded.

Reversed and remanded.