labels as to the alcoholic content of the liquor.

The other matters urged in the motion for rehearing appear to have been properly decided originally.

The motion for rehearing is overruled.

## COLLINS v. STATE.
### No. 18967.

Court of Criminal Appeals of Texas.
April 28, 1937.

Warren W. Moore and M. C. Robinson, both of Austin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for driving an automobile upon a public street while intoxicated; penalty assessed at a fine of $150, and the prohibition from driving a motor vehicle upon the public highways of the State for one year.

Responding to a radio police call, a state highway patrolman went to the intersection of Colorado and Eleventh streets in the city of Austin, where he found a car parked in the middle of the street. Appellant was sitting in his car under the steering wheel. As the officer approached, the appellant threw his car in gear and backed it into an automobile which was back of him. From the testimony of the officer we quote: "As to the condition the defendant was in, I will say that he was drunk. I could smell liquor on his breath.

He couldn't walk straight; he didn't know where he was. He staggered and he couldn't walk straight, and he talked crazy; talked like he had a thick tongue. With reference to getting him out of the car, it took two of us to pull him out. Patrolman Huddleston was with me at the time."

Appellant did not testify upon the trial and introduced no testimony in his behalf.

In his brief the contention is advanced that the testimony to the effect that the appellant was drunk is insufficient to prove the element of intoxication; that he could have been drunk from one of many causes, or he may have been dazed, drugged, or otherwise confused so as to impair the normal control of his faculties. The testimony of the officer is specific to the effect that the appellant was drunk, which is a well-understood expression; and also that there was the odor of liquor upon his breath. Without going into detail, we think the term "drunk" is broad enough to embrace the condition of the appellant as described by the testimony.

Deeming the State's evidence sufficient to sustain the conviction, the judgment of the trial court is affirmed.

## MITCHELL v. STATE.
### No. 18975.

Court of Criminal Appeals of Texas.
April 28, 1937.

Henry Bishop, of Fort Worth, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Theft of an automobile is the offense; penalty assessed at confinement in the penitentiary for two years.

The indictment appears regular. The record is before this court without statement of facts or bills of exception. No error has been perceived or pointed out.

The judgment is affirmed.