## DALE BLAIR V. THE STATE.

No. 23726. Delivered June 25, 1947.

*L. V. Abernathy,* of Wichita Falls, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of aggravated assault and battery. His punishment was assessed at a fine of Four Hundred Fifty Dollars and six months in the county jail.

The record reflects that on the night of the 7th day of December, 1946, while Walter Kaiser and his wife, accompanied by Walter Murchison and wife, were going from Wichita Falls to their home in Bowie, Texas, they noticed an automobile occupied by four men and a woman driving ahead of them in the middle of a four-lane highway. Kaiser, who was driving the Murchison automobile, endeavored to pass the other car. He flashed his lights and honked his horn as a signal that he wanted to pass, but that car continued in the middle of the highway. He finally did pass them and soon thereafter that car passed him, drove up to a service station while Kaiser drove up to a nearby cafe with the purpose of calling the highway patrol, but before he could get out of his car, the four men from the other car approached the car driven by Kaiser, three of them came up on the left-hand side of the car while the fourth man went on the right-hand side of the car. One of the three men accused Kaiser of forcing their automobile off of the pavement and struck him, knocking him over into the lap of Murchison who was sitting on the right-hand side of the front seat. They then pulled Kaiser out of the car, beat and stamped him inflicting painful wounds. One of the three then went to the other side of the car and with the aid of the one who was on that side pulled Murchison out of the automobile, knocked him down and stamped him, breaking his jaw in three places and otherwise inflicting serious injuries on him. Appellant was identified as one of the men who beat him and stamped Murchison. Appellant took the witness stand and testified that he was present at the time and place of the commission of the offense but denied that he took any part therein. He claimed that he and a lady companion remained in the car until the difficulty was about over when he went and assisted Murchison into the automobile.

Appellant brings forward seven complaints upon which he relies for a reversal of the judgment. By his first bill of exception, he complains because the court overruled his motion to quash the complaint and information which contains three counts. In the first two of which he is charged with having com-

mitted an aggravated assault upon Walter Kaiser, and in the third count he is charged with having committed an aggravated assault upon Walter Murchison. Only the third count was submitted to the jury. There is not any question but that two separate and distinct misdemeanor offenses are charged in separate counts which is permissible. See Bishop's New Crim. Pro., 2nd Ed., Vol. I, Sec. 452; Blackwell v. State, 92 Tex. Cr. R. 473, 244 S. W. 532; Tucker v. State, 65 Tex. Cr. R. 627, 145 S. W. 611; Gould v. State, 66 Tex. Cr. R. 421, 147 S. W. 247. We therefore overrule his contention.

By his Bill of Exception No. 2 he complains because the court overruled his motion to enter a mistrial. This motion was based on the ground that the two counts in the information charging him with aggravated assault on Walter Kaiser were read to the jury and had the effect of prejudicing the jury against him. We see no error reflected by the bill since the State had a right to charge separate and distinct misdemeanor offenses in separate counts. Moreover, the two offenses were so related to each other that the evidence necessary to establish one would necessarily develop the other. Both occurred at the same time, same place, and by the same parties acting together.

By Bills of Exceptions Nos. 3, 4, 5, and 6 he complains of certain remarks by the county attorney in his closing argument to the jury. The remarks made by the district attorney and complained of in Bills of Exceptions Nos. 2, 3, and 6 were in reply to the remarks of appellant's counsel in his argument to the jury. The remarks complained of in Bill of Exception No. 5 were but reasonable deduction from the evidence. There was evidence to the effect that appellant and his companions had a girl or woman in their car. This girl or woman was not used by appellant as a witness. Therefore, the county attorney had a right to refer to appellant's failure to produce the girl and use her as a witness.

Bill of Exception No. 7 shows that the county attorney said, "If you believe Walter Murchison, if you believe Walter Kaiser, if you believe the wives of those two boys, you cannot believe this defendant's statement of what happened, but that is up to you gentlemen. If you acquit him, you will say Walter Murchison, you are a liar. You will say Mrs. Jones, you are a liar. You will say, Mary Kaiser, you are a liar and Mrs. Murchison you are a liar." His objection thereto is that it was outside of the record, inflammatory, vicious, and prejudicial. It occurs to us that the argument merely reminded the jury of the effect of

an acquittal on the testimony of Mr. and Mrs. Kaiser, Mr. and Mrs. Murchison, and Mrs. Jones; that an acquittal would lead to but one conclusion and that was that the jury did not believe the testimony of said witnesses. We fail to see wherein the argument was improper and outside of the record.

The general rule is that unless the argument complained of violates some mandatory provision of the statute, or is obviously harmful, or injects new matter into the case, it will not justify a reversal of the judgment of conviction. See Lutz v. State, 176 S. W. (2d) 317; Vineyard v. State, 96 Tex. Cr. R. 401; Heidle v. State, 86 S. W. (2d) 641; Newchurch v. State, 121 S. W. (2d) 998; Tadlock v. State, 139 S. W. (2d) 796, 139 Tex. Cr. R. 316; and Johnson v. State, 170 S. W. (2d) 770.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.