## W. G. FORSON *alias* GLEN WILLIAMS V. STATE

No. 28,537. November 14, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) January 9, 1957.

*A. O. Strother* and *Paul Petty,* Ballinger, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted of the offense of bigamy and his punishment was assessed at confinement in the penitentiary for two (2) years.

The indictment, in charging the offense, alleged: " * * * that on or about the 5th day of April, A.D. 1954, * * * W. G. Forson, alias Glen Williams, did, then and there unlawfully marry Mrs. Lena Hale, under the assumed name of Glen Williams, he, the said W. G. Forson, then and there having a former wife, to-wit: Sudie Bell Forson, then living, * * *."

In proof of the bigamous marriage, the state introduced in evidence a certified copy of a marriage license issued by the county clerk of Hamilton County, Texas, to W. G. Forson and Miss Sudie Bell Herod, on April 7, 1922, together with the return, in which W. R. Hardin certified that, on the 8th day of April, 1922, he united in marriage the parties therein named, and an original marriage license issued by the county clerk of Runnels County, Texas, to Glen Williams and Mrs. Lena Hale on April 5, 1954, together with the return thereon, in which

Rev. B. M. Jackson certified that, on the 5th day of April, 1954, he united in marriage the parties therein named.

Rev. B. M. Jackson testified that, on April 5, 1954, he performed a marriage ceremony at a motel in the city of Ballinger and identified the appellant as being the man who was married in the ceremony. He further testified that, in his certificate to the license, he had written the names "Mr. Glen Williams and Mrs. Lena Hale" as being the persons to the marriage and the persons who reported themselves "to be the people whose names were on the license."

Mrs. Ed Curry testified that, on or about the 5th day of April, 1954, she witnessed a marriage ceremony performed at her father's motel in the city of Ballinger, and identified the appellant as being one of the parties to the ceremony and the man who was married.

Jack Everett testified that he was acquainted with the appellant and his wife, Sudie Bell Forson, and who he identified at the trial; that he knew they had lived together as husband and wife for approximately ten years and in Brown County for the past several years; and that she was living in Brown County on or about April 5, 1954. He further testified that he had made a search of the records of Brown County to ascertain whether or not they had been granted a divorce and, from the search, found that no divorce had been granted to them in that county.

Appellant did not testify or offer any evidence in his behalf.

Appellant insists that the court erred in admitting in evidence the original marriage license issued by the county clerk of Runnels County on April 5, 1954, and an affidavit in the records of the clerk's office which was signed for the issuance of the license, over the objection that the instruments had not been filed among the papers in the cause for at least three days and notice given to the appellant as required by law.

It is appellant's contention that, since Art. 4606, Vernon's Ann. C.S. requires that a marriage license be recorded by the county clerk, under the provisions of Art. 3726, Vernon's Ann. C.S., it was necesary that it be filed in the papers of the cause for at least three days before the trial and notice given before

being admitted in evidence. For like reason, appellant contends that the affidavit should have been excluded.

The record reflects that before the instruments were admitted in evidence the state proved their execution.

The provision in Art. 3726, supra, requiring that the instrument be filed for three days and notice given authorizes such an instrument to be admitted in evidence without proof of its execution.

The rule requiring the filing of certain written instruments and the giving of notice thereof does not apply where the execution is proven in the trial of the case. Branch's Ann. P.C., 2nd Ed., Sec. 13, P. 144; Timbrook v. State, 18 Texas App. 1; Williams v. State, 30 Texas App. 153, 16 S.W. 760; and Lockwood v. State, 32 Texas Cr. Rep. 137, 22 S.W. 413.

Since the execution of the instruments was proven, no error is shown in their admission in evidence.

Appellant insists that the evidence is insufficient to support the conviction for several reasons.

It is first contended that the state failed to prove that the appellant married Mrs. Lena Hale, the person named in the indictment, and that the case should be reversed because the state did not call her as a witness or offer any reason or excuse for failing to do so.

We find no merit in this contention as the testimony of Rev. Jackson, who performed the marriage ceremony, is sufficient to show that appellant was united in marriage to a person named in the marriage license as Mrs. Lena Hale. The failure of the state to call Mrs. Lena Hale as a witness does not require a reversal of the case. The state did not rely upon circumstantial evidence to prove the second marriage but made proof thereof by direct testimony of Rev. Jackson and Mrs. Curry.

The rule relied upon by the appellant that, where the state fails to introduce or satisfactorily account for its failure to introduce testimony available to it, the court will treat the case as one evidencing a reasonable doubt as to the sufficiency of the evidence is applicable to circumstantial evidence cases. 18

Texas Jur., #318, P. 440; and Lowe v. State, No. 28,283, opinion delivered June 6, 1956, 163 Texas Crim. Rep. 578.

The testimony of the state's witnesses positively identifying the appellant as one of the parties to the second marriage was sufficient to disprove appellant's exculpatory statement to the witness Dodge, which was, in substance, that the marriage license had been issued to his friend, Glen Williams, and that it was his friend who was married to Mrs. Lena Hale.

Finding the evidence sufficient to support the conviction, and no reversible error appearing in the record, the judgment of the court is affirmed.

Opinion approved by the Court.