GERALD FURMAN STONE V. STATE

No. 33,120. April 12, 1961
Motion for Rehearing Overruled May 24, 1961

WOODLEY, Presiding Judge, absent.

*Bierwirth & Rosenbaum & Thos. M. Mobley,* by *Thomas M. Mobley,* Houston, for appellant.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Lee P. Ward, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant Gerald Furman Stone and his co-indictee, James Richard Farrington, were jointly charged by indictment under Art. 1000, V.A.P.C., with the offense of falsely reading, interpreting, and misrepresenting the contents of a written instrument affecting property.

Upon the granting of a severance, appellant was separately tried and convicted, and his punishment assessed at confinement in the penitentiary for 5 years.

The state's proof shows that the prosecuting witness, Bertha Lewis, owned her home at 7922 Hoffman Street in the city of Houston, the legal description of the property being Lot 189, Block 4 of Triangle Gardens Addition. Mrs. Lewis testified that, on October 1, 1957, she had the property "up for sale" and was asking $2000 for the same; that on such date appellant's co-indictee, Farrington, came to the address and asked if she was interested in having repairs made to the place; that she told him "no" and that the place was for sale; that he told her he knew a man that did buy houses and that he would bring him to her; that he left and later returned with appellant, who, after looking at the house, told the witness that he would give her $2000 for it and the two then left. Mrs. Lewis stated that, on October 3, 1957, appellant and Farrington returned with some papers and in company with a notary public by the name of Mr. Hamilton;

that they told her they were ready to make the trade and being unable to read sufficiently she requested permission to take the papers to her daughter for examination; then, at appellant's instance, Farrington gave her an instrument, that appeared to be a contract of sale which she took to her daughter, who after examining the same, told her mother to sign the paper and accept only cash money in the sale; that she returned to her home and soon thereafter the appellant and Farrington reappeared. Mrs. Lewis testified that she then signed some papers upon the representation of appellant and Farrington that she was selling her home. She testified that, as she signed the papers, Farrington had his arm "lying on top of the papers * * * just turning back the bottom where I had to sign" and that appellant was "standing right over me, looking." She further testified that, after signing the papers, Farrington took the papers, put them under his arm, and told her that they would have to carry the papers to the "big boss" and would return with the money. She further stated that neither appellant nor Farrington returned with the money. Mrs. Lewis testified that, at the time she signed the papers, she thought she was selling her home to the appellant.

Introduced in evidence as State's Exhibit No. 1 was a certified photostat copy of a mechanic's and materialman's lien contract executed by and between Bertha Lewis and James Farrington on October 3, 1957, under the terms of which Bertha Lewis obligated herself to pay the sum of $2500 for certain improvements to be made on the premises described as Lot 189, Block 4, Triangle Gardens Addition in Harris County, Texas. The contract was shown to have been signed and acknowledged by Bertha Lewis on October 3, 1957, before J. W. Hamilton, a notary public in and for Harris County, Texas, and filed for record on October 4, 1957. The prosecuting witness identified her signature on the contract but testified that the papers which she signed were represented to be "sale papers" of her home to the appellant.

The state called, among other witnesses, appellant's co-indictee, James Richard Farrington, who corroborated the prosecuting witness' testimony and version of the transaction that the instruments which she signed were signed upon the representation of appellant and Farrington that she was selling her home to the appellant.

Appellant did not testify or call any witnesses who gave testimony upon the issue of his guilt.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of principals. The court also charged the jury that the witness Farrington was an accomplice as a matter of law and instructed the jury as to the corroboration necessary to convict upon accomplice testimony.

We shall discuss the contentions urged by appellant in his brief and in oral argument.

It is first contended that the court erred in admitting in evidence as State's Exhibit No. 1, the certified photostatic copy of the mechanic's and materialman's lien contract over appellant's objection that such was not the best evidence. Under the record, we find no error in the court's action in admitting same in evidence. The contract was an instrument which is permitted or required by law to be recorded. The record shows that the original contract had been duly filed, recorded, and returned to appellant by the clerk. The instrument having been recorded was admissible in evidence under Art. 3726, V.A.C.S., without proof of its execution. Execution of the contract being proven at the trial, a certified copy of the same was admissible in evidence without having first been filed in the cause and notice given for 3 days as required by Art. 3726, supra. Forson v. State, 164 Tex. Cr. R. 102, 296 S.W. 2d 770.

Appellant further insists that the court erred in permitting the prosecuting witness to testify with reference to the "other papers" which were presented to her on the occasion of her signing the contract over the appellant's objection that the originals were the best evidence. The record reflects that the originals of such papers were last shown to be in possession of the appellant. Request was made of appellant at the trial to produce the same. They were not produced. Under the record, the admission of such secondary evidence does not present error. 18 Tex. Jur. 377, par. 248 and Gould v. State, 66 Tex. Cr. R. 122, 146 S.W. 172.

Complaint is made by appellant to certain jury argument of state's counsel.

The complaint to jury argument is not presented by formal bills of exception but by a transcript of the argument made by counsel in the case with appellant's objections thereto.

Appellant first complains of a portion of the opening argu-

ment of Assistant District Attorney Gus J. Zgourides. The transcript before us does not contain that portion of the argument to which apellant objected and, under such record, appellant's objection is not properly presented for review.

Complaint is made to a certain portion of the closing argument of Assistant District Attorney Lee Ward. In his closing argument, Prosecutor Ward, in referring to the original mechanic's and materialman's lien contract and in whose possession it was, made the following statement with objection taken by appellant:

"'* * * It shows that this was filed for record on the 4th day of October, 1957. It shows also by the witness, Mrs. Broussard, who was Miss Wilkenson, testified that this instrument, in the original part of it—the original, was mailed back to G. Stone at the Duberry Street address, the address that was stipuated by Defendant and Defendant's Counsel, was the home of this Defendant, and yet you heard the objections because the State didn't introduce the original.

"'I ask you whose possession it is in. It is a reasonable deduction that you, from all the testimony of all of the witnesses, as to whose possession the original might be in.'

"Mr. Rosenbaum: 'Your Honor, at this time we would like again to renew our motion for a mistrial on the same objections already set out to the Court.'

"The Court: 'That's overruled. The jury won't consider the last remark about in whose possession * * * ' "

Under the record, we are unable to agree that the court's refusal to grant a mistrial presents reversible error. The argument was legitimate under the testimony presented in the case. While appellant on appeal contends that such argument was a reference to his failure to testify, no objection was made to the same on that ground in the trial court. The objection made by appellant was too general to direct the court's attention to the grounds upon which he based the motion for mistrial.

Appellant's complaints to the court's action in overruling his objections to the court's charge are not properly before us for review, in the absence of an exception by appellant to the court's ruling. Eldredge v. State, 162 Tex. Cr. R. 282, 284 S.W. 2d 734 and Smith v. State, 166 Tex. Cr. R. 294, 313 S.W. 2d 291.

We overrule appellant's remaining contention that the evidence is insufficient to sustain his conviction under Art. 1000, supra, because it shows a violation of Art. 1001, V.A.P.C., of unlawfully substituting one instrument for another. While the evidence shows a violation of both statutes by appellant in the transaction, the State had the right to elect the offense for which it would prosecute. 23 Tex. Jur. 662, par. 52. The evidence is clearly sufficient to sustain appellant's conviction under Art. 1000, supra, for the offense of false interpretation of a written instrument as charged in the indictment and found by the jury in their verdict.

The judgment is affirmed.

Opinion approved by the Court.