Dean Walton **HEADLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 37573.

Court of Criminal Appeals of Texas.

Jan. 13, 1965.

Rehearing Denied Feb. 17, 1965.

Orville A. Harlan, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Cletus A. Davis and Joe Naron, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is driving while intoxicated; the punishment, ninety days in jail and a fine of $50.

The state's testimony shows that on the date alleged, the appellant, while operating his automobile in the 4500 block of Yale Street in the city of Houston, was involved in a collision with two other motor vehicles.

Mrs. Mary Thornton, the driver of one of the other automobiles, testified that, as she was driving on Yale Street, she collided with the rear of appellant's automobile while it was in motion and appellant was backing out into the street. She stated that after the collision the appellant did not walk straight and that he looked like he was intoxicated.

Eugene Brannon Milburn, a cab driver who was in the third vehicle involved in the collision, testified that on such occasion he was parked in front of a coffee shop some six or seven feet off of Yale Street when the automobile driven by appellant struck his car in the rear. The witness testified that after the collision he could smell alcohol on appellant's breath but did not express an opinion with reference to appellant's condition as to sobriety.

Officer Gartman testified that when he arrived upon the scene a short time after the accident, he determined that appellant was the driver of one of the automobiles involved in the collision. In describing the location of the vehicles, Officer Gartman stated that Mrs. Thornton's automobile was on Yale Street and "roughly" one half of appellant's car was on Yale Street. He further testified that at such time appellant had the odor of alcohol on his breath, that he was very unsteady on his feet and had difficulty with his speech, and expressed his opinion that appellant was drunk.

Officer Lenz, who also went to the scene, corroborated Officer Gartman's testimony with reference to appellant's actions and appearance and he also expressed the opinion that appellant was drunk.

Appellant did not testify or call any witnesses in his behalf.

We overrule appellant's contention that the evidence is insufficient to support

292

**292**

the conviction because it does not show that he drove his automobile upon the public highway on the occasion in question.

The testimony of Mrs. Thornton that at the time of the collision appellant was backing his car out into Yale Street and that of Officer Gartman that after the collision appellant's car was "roughly" one half on Yale Street was sufficient to sustain the jury's finding that appellant was operating his automobile on the public street. Collins v. State, 132 Tex.Cr.R. 327, 104 S.W.2d 860.

■ By formal bill of exception, appellant insists that the court erred in permitting the assistant district attorney to advise the jury panel during the selection of the jury that an expert would testify that appellant was intoxicated on the occasion in question.

The bill certifies that during the examination of the prospective jurors the following transpired:

"* * * the said assistant district attorney stated, in the presence of the panel, that the State would offer proof that the Defendant was intoxicated on the date and at the place alleged in the information through the testimony of two police officers, two civilian witnesses and an 'expert', whereupon the Defendant objected and, out of the presence of the panel stated his objection to the Court that the State was attempting to apprise the panel that there was a blood test and Defendant did not know if the same would be admissible whereupon the Court sustained the said objection with reference to the blood test but permitted the State to state that an expert would be called upon to testify, to which ruling of the Court the Defendant duly and timely excepted."

We perceive no reversible error in the bill. The bill does not certify that the jury was apprised that there was a blood test and that an expert would testify concerning such a test. The bill, at the most, merely certifies that the state would call an expert witness to testify on the issue of intoxication. Any inference from the state's failure to call such a witness would be against the state rather than the appellant.

■ Nor do we agree that because the state failed to call an expert witness we should treat the case as one evidencing a reasonable doubt as to the sufficiency of the evidence.

Recently, in Bailey v. State, Tex.Cr.App., 385 S.W.2d 241, we said:

"This Court will not treat the failure of the state to call certain witnesses as raising a question of reasonable doubt as to the sufficiency of the evidence to support the conviction where the evidence is not obviously weak and the state does not rely on circumstantial evidence. 24 Tex.Jur. 2d 428, Sec. 745; Barrera v. State, Tex.Crim.App., 371 S.W.2d 881; Lockhart v. State, 171 Tex.Cr.R. 648, 352 S.W.2d 749; Barker v. State, 168 Tex. Cr.R. 513, 329 S.W.2d 889; Musser v. State, 321 S.W.2d 882, 167 Tex.Cr.R. 529; Fletcher v. State, 164 Tex.Cr.R. 321, 298 S.W.2d 581; Lowe v. State, 163 Tex.Cr.R. 578, 294 S.W.2d 394."

In the present case, the state's testimony on the issue of intoxication is not "obviously weak" but is ample to support the jury's verdict. Further, the state's evidence is direct rather than circumstantial.

The judgment is affirmed.

Opinion approved by the Court.