**Larry Dale SPARKS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-81-020-CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 23, 1981.

Tim Curry, Dist. Atty., and Robert Aldrich, Jr., Asst. Dist. Atty., Fort Worth, for appellant.

Patton & Gilfeather, and Pete Gilfeather, Fort Worth, for the State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

Larry Dale Sparks has appealed his conviction of the offense of aggravated assault. A jury found him guilty and assessed his punishment at seven years confinement in the Texas Department of Corrections.

We affirm.

The jury heard testimony about a gang fight at a chili cookoff. Fronze Myatt, a bystander, was stabbed in the leg and Sparks, the appellant, "came around in front" of him and said: "Big Boy, you're not going to get involved in this fight." Myatt testified that Sparks had a "fairly good sized knife in his hand."

Dr. L. H. Cardwell, who operated on Myatt immediately after the stabbing, testified that Myatt could have died from the wound. He stated that "[h]ad it been slightly more medially it could have severed the femoral artery, the main artery to the leg, that would have produced profuse uncontrollable bleeding and could have resulted in death, yes." He also stated that had he not been operated on he would have lost "some range of motion of the hips." He was confined to the hospital for 5 days.

In his first of three grounds of error Sparks avers that the evidence was insufficient in that the State did not prove the knife in his hand was a deadly weapon. We know a knife is not considered deadly per se. *Abels v. State*, 489 S.W.2d 910 (Tex.Cr.App.1973). However, in a particular case an examination of the record may establish it to be a deadly weapon having regard to "the nature and location of the wounds inflicted." *Moses Hart v. State*, Docket No. 54,864 (Tex.Cr.App. March 28, 1979); *Williams v. State*, 477 S.W.2d 24 (Tex.Cr.App.1972). Having examined all the testimony and evidence adduced in this case we hold it to be sufficient to support the verdict of guilty and overrule ground of error number one.

By ground of error number two, Sparks urges error in the trial court's failure to submit a charge on the lesser included offense of assault with bodily injury. Appellant's only objection to the charge was that the court failed to charge on count no. 3 of the indictment. The state elected to proceed on count no. 1 which was its right. *Stone v. State*, 171 Tex.Cr.R. 201, 346 S.W.2d 323 (1961). Appellant was not entitled to have count no. 3 submitted after it had been waived.

Regardless of this, however, if a proper request had been made for the submission of the lesser offense the issue was not raised by the evidence. Sparks claims that the testimony was in conflict as to whether the wound constituted a serious bodily injury and that such raised sufficient evidence for a submission of a charge on the lesser offense. We disagree. Dr. Cardwell, the only expert testifying on the seriousness of the wound, testified to a deep cut to within two inches of the femoral artery, with "profuse uncontrolled bleeding and which could have resulted in death." No one controverted the doctor's testimony and, in our view, the issue of lesser offense was not raised. *Keeton v. State*, 149 Tex. Cr.R. 27, 190 S.W.2d 820 (1945). *McElroy v. State*, 528 S.W.2d 831 (Tex.Cr.App.1975). Ground of error number two is overruled.

The appellant also objects to the court's alleged failure to define deadly weapon in the charge although no request for such charge was made prior to its being submitted to the jury. However, deadly weapon was defined in the indictment which was set out in the paragraphs of the

charge applying the facts to the law. This same procedure was approved in *McElroy v. State, supra.*

We affirm.