**Aubrey Joe EASLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42789.**

Court of Criminal Appeals of Texas.

April 22, 1970.

Rehearing Denied June 2, 1970.

Lawrence R. Green, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott, Harry J. Schulz, Jr., and William T. Westmoreland, Jr., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a conviction for rape by force with the punishment assessed at life.

The record reflects that at approximately 10:30 p. m. on October 2, 1967, the prosecutrix and her 7 year old daughter were preparing to go to bed in their one bedroom apartment in the City of Dallas. The prosecutrix's husband, a taxi driver, was working the night shift on October 2 and was not expected to come home until the early morning hours of October 3, 1967.

After putting her daughter to bed, the prosecutrix, who was wearing only a slip, lay down on her bed and dozed off. She

was awakened by a man leaning or lying on top of her and biting her cheek. She screamed and began to struggle with her assailant, causing the two of them to fall off the bed onto the floor. At this point, the prosecutrix's child, who was sleeping on a small bed next to the prosecutrix's woke up and cried out. The appellant put a knife to the prosecutrix's throat and told the child to be quiet. He also told the prosecutrix that if she screamed again he would use the knife on the child. Appellant then raped the prosecutrix.

Shortly thereafter, prosecutrix's husband came into the bedroom and turned on the overhead light. Appellant jumped up and fled through the bedroom door, struggling momentarily with the husband before he could get loose. During the struggle with the husband, appellant was shot in the cheek with a small revolver which the husband had in his possession. The husband gave chase but was unable to apprehend the assailant.

According to the husband's testimony, he arrived home at approximately 2:00 a. m. and noticed that the front door to his apartment had been "jimmied" and was standing ajar. He drew a one-shot derringer which he always carried with him, walked through the house and turned on the bedroom light. The appellant jumped up and ran toward him in an attempt to escape. The husband shot him in the cheek causing a great deal of blood to flow from the appellant.

Appellant's extrajudicial confession was introduced in which he admitted the rape and acknowledged being shot in the left side of the face resulting in "a small cut."

At the time of the appellant's arrest some eleven days after the alleged offense he bore a scar on his left cheek.

Although the husband was not able to identify the appellant, the prosecutrix testified she saw appellant's features at close range in the light shining through the window from a nearby building and from the bathroom light that remained on. She also was able to observe him when her husband turned on the bedroom light. The prosecutrix made a positive in-court identification of the appellant as her assailant.

█ Viewing the evidence in the light most favorable to the jury's verdict, we deem the testimony clearly sufficient to support the verdict. Dr. Callahan (the assistant county health officer) did testify that the scar on the appellant's cheek was not, in his opinion, caused by a bullet but rather resulted from a laceration type wound. He had examined the appellant for the first time three months prior to the trial which commenced on June 24, 1968. We do not conclude that such testimony renders the evidence insufficient to support the verdict.

Appellant's sixth ground of error is overruled.

Appellant further contends the trial court erred in admitting into evidence his extrajudicial confession obtained from him in violation of Article 15.17, Vernon's Ann. C.C.P. Specifically, he argues the confession was inadmissible because the record does not reflect he was taken before a magistrate and warned of his rights.

█ The confession was shown to have been taken in accordance with Article 38.22, Vernon's Ann.C.C.P., as amended, 1967, and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Therefore, appellant's contention is answered by what this court said in Easley v. State, 448 S.W. 2d 490, 492:

"As to appellant's second contention that the record fails to show a sufficient compliance with Article 15.17, V.A.C.C. P., prior to appellant's interrogation as to the alleged rape, attention is again called to the 1967 amendment to Article 38.22, supra. No longer is the validity of a confession dependent under Texas statutes upon warnings by both a magistrate under Article 15.17, supra, and the person

taking the confession under Article 38.22, supra. Proper warnings by either may now suffice. Appellant was properly warned by the person taking the confession, and the failure to take him before a magistrate prior to the taking of the confession does not affect its validity, in absence of a showing of a causal connection between the giving of confession and the failure to take him before the magistrate."

Ground of error #1 is overruled.

Next, appellant urges the trial court erred in failing to grant his mistrial motion. During the guilt stage of the proceedings appellant's counsel argued the confession was not legal since there was no showing the appellant had been taken before a magistrate. The State objected contending counsel was misleading the jury and stating the appellant had called the judge who administered the warning but had not used him. The objection was sustained and the jury instructed the law pertaining to the case was in the court's charge. Thereafter, the State in its argument attempted to answer the argument that appellant had not been taken before a magistrate, stating the judge had been subpoenaed but not called by the appellant. After appellant's objection and mistrial motion the prosecutor withdrew his remark. The objection was then sustained and the jury instructed to disregard the prosecutor's statement. The motion for mistrial was overruled.

■ First, it would appear that the argument was clearly invited, and, second, it would appear that under the circumstances the argument commenting on the appellant's failure to call the witness involved was proper. See Minor v. State, 167 Tex. Cr.R. 344, 320 S.W.2d 347. If there was any error it was cured by the withdrawal of the remark and the court's instruction to disregard.

Ground of error #2 is overruled.

■ In his third ground of error appellant also complains of jury argument at the guilt stage of the trial. Appellant's counsel commented on the State's failure to call the doctor who examined the prosecutrix soon after the alleged offense. The State responded by arguing that the appellant had the right of subpoena and could have called the doctor as a witness. Such argument was invited and was not improper. Minor v. State, supra. See also 1 Branch's Ann.P.C., 2nd ed., Sec. 383, p. 403.

Ground of error #3 is overruled.

Still further, appellant complains of the prosecutor's use of the word "savage" in his jury argument on punishment.

After discussing the facts of the case, the rape, the bites on the prosecutrix's cheek and back, the threats to kill the child, etc., the prosecutor argued: "You're not talking about a man here, you're talking about a savage and I tell you * * *."

The objection and motion for mistrial were overruled. No request for a jury instruction was made and the prosecutor continued: "Well, call it what you want to. You know what kind of man he is * *."

Thereafter the prosecutor discussed the evidence offered at the hearing on punishment.

■ While such argument is not to be commended, it is pointed out that the verdict of guilty had already been received, and we cannot conclude that in light of the facts of this case and the context in which the argument was made that reversible error is called for. The argument made finds support in the evidence.

Ground of error #4 is overruled.

■ In his fifth ground of error appellant asserts he was denied due process of law as a result of the failure of the State to preserve fingerprints and blood drops at the scene of the alleged crime.

The matter was not raised by the motion for discovery or by motion for new trial. It is raised for the first time on appeal.

There is no showing that the State failed to attempt to secure fingerprints at the scene or preserve bloodspots. And if such items were available to the State, it was not required to introduce all evidence it might have if it has sustained the burden of proof imposed on it.

Ground of error #5 is overruled.

Finding no reversible error, the judgment is affirmed.