**Weldon Lee SIFFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48021.**

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

Peter Torres, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Louis Rodriguez, James M. Haley and Stephen P. Allison, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the misdemeanor offense of driving a motor vehicle upon a public highway while intoxicated; the punishment, thirty days in jail and a fine of seventy-five dollars.

In his first ground of error appellant contends that the trial court erred in overruling his challenge for cause to a prospective juror, thereby forcing him to use one of his peremptory challenges. Assuming the record shows the prospective juror was subject to challenge for cause, it does not reflect that the appellant requested an additional peremptory challenge after he had exhausted all of his peremptory challenges or that he was forced to take an objectionable juror. No error is shown. See Williams v. State, 481 S.W.2d 119 (Tex.Cr.App.1972); Bayless v. State, 166 Tex.Cr.R. 479, 316 S.W.2d 743 (1958).

The record reflects that an automobile driven by the appellant collided with another. The appellant left the scene but was soon arrested by two officers who both testified that in their opinion the appellant was intoxicated.

In his second ground of error appellant contends that the trial court erred in refusing to grant his motion for mistrial after the prosecutor asked one of the officers whether he issued any traffic citations in connection with the collision. Appellant contends that such evidence constitutes proof of extraneous offenses.

The trial court sustained the appellant's objection to the question which was not

answered by the officer. The appellant made no motion to have the jury instructed to disregard the question. His motion for mistrial was overruled.

█ █ Ordinarily, the mere asking of a question which is not answered does not constitute error. An instruction to disregard the question would have adequately protected the appellant's rights. Since no such instruction was requested no error is presented. See Ortiz v. State, 490 S.W.2d 594 (Tex.Cr.App.1973); Lopez v. State, 482 S.W.2d 179 (Tex.Cr.App.1972); Hopkins v. State, 480 S.W.2d 212 (Tex.Cr. App.1972); White v. State, 444 S.W.2d 921 (Tex.Cr.App.1969).

█ In his third ground of error, appellant contends that the trial court erred in telling defense counsel to "shut up and sit down" in the presence of the jury, and in repeatedly admonishing counsel and commenting on the weight of the evidence. With one exception no objections were made to the admonishment and comments of the Court, which were directed to State's counsel as well as appellant's counsel. We have considered the Court's admonishments and find they were fully justified by counsel's conduct. See Joshlin v. State, 488 S.W.2d 773 (Tex.Cr.App.1973). This ground of error is overruled.

█ The appellant's last contention is that the trial court over his objection erroneously permitted the prosecutor to argue to the jury that the appellant could have proved the results of the breathalyzer test and that it was the appellant's objection that kept the results of the breathalyzer test out of evidence.

During voir dire examination of the jury panel, appellant's counsel stated that the State had investigators, a 900-man force, a breathalyzer test, and all kinds of machines and instruments at their disposal. He also asked the panel if anyone was familiar with or had any expertise in the use of the breathalyzer.

The State's evidence was based on the testimony of the two arresting officers. The State offered no evidence concerning a breathalyzer test. Appellant called as his first witness one of the arresting officers and elicited testimony that appellant had been given a breathalyzer test. On cross-examination, the State asked the officer the results of the test. The officer answered that the result was "0.15." Appellant's objection to the officer's answer was sustained and the Court instructed the jury not to consider the officer's answer.

In his argument to the jury the appellant's counsel reminded the jury that the appellant had been given a breathalyzer test and that he would have been happy to have the State introduce the results of that breathalyzer test. He also argued "I submit to you if the test had been against him that testimony would have been here in front of you . . ." Further, appellant's counsel argued that the only evidence which showed that appellant was intoxicated was the opinion of the arresting officers which was subject to reasonable doubt, and that that reasonable doubt could have been eliminated if the jury had had the benefit of the results of the breathalyzer test.

The prosecutor's argument of which appellant complains is as follows:

"THE PROSECUTOR: Ladies and Gentlemen of the Jury: I would like to clear up one thing before I really get into my argument. Mr. Torres brought up that—he is trying to give you the impression that we are trying to keep some type of evidence out that might prove this man's innocence. Let me clear the facts on this. The Breathalyzer test, Ladies and Gentlemen of the Jury, I did not bring up the issue of the Breathalyzer. . . . .
"
. . . . .

"Mr. Torres, during the trial, brought up the question about the Breathalyzer. He asked the officer, 'Did he take the test?' And, Ladies and Gentlemen of the Jury,

I got the police officer back on cross-examination and asked him, 'What was the results (sic) of that test?' Mr. Torres got up and objected to that. . . . Ladies and Gentlemen, Mr. Torres had the same right as the State does to subpoena witnesses that he wants. He knew that the man took the Breathalyzer test. Why didn't he ask the operator here, if he thought that the test would help him? Why did he—because he, in my opinion, didn't want you all to see the results of that Breathalyzer test. He didn't want it in."

The argument of the prosecutor was invited and provoked by defense counsel's argument and does not present error. See Griffin v. State, 481 S.W.2d 838 (Tex.Cr. App.1972); Luna v. State, 461 S.W.2d 600 (Tex.Cr.App.1970); Dark v. State, 406 S. W.2d 457 (Tex.Cr.App.1966); Minor v. State, 167 Tex.Cr.R. 344, 320 S.W.2d 347 (1959). The appellant's last ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.