Carlos Jesus **GONZALES**, Appellant,

v.

**STATE** of Texas, Appellee.

No. 13–85–318–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 12, 1985.

Richard Langlois, San Antonio, for appellant.

Sam D. Millsap, Jr., Bexar County Crim. Dist. Atty., Charles Estee, Bexar County Asst. Dist. Atty., San Antonio, for appellee.

Before NYE, C.J., and DORSEY and BE-NAVIDES, JJ.

**OPINION**

DORSEY, Justice.

This is an appeal from a conviction of burglary of a building, enhanced by two prior felony convictions. The jury assessed punishment at 45 years' confinement in the Texas Department of Corrections.

In his sole ground of error, the appellant asserts that the trial court improperly overruled his challenge for cause to venireman Magdalene Flannery. The appellant asserts that the prospective juror was biased and prejudiced against the minimum punishment possible if only one prior felony conviction was established. He asserts this was a bias and prejudice against a law he was entitled to rely upon and, therefore, was in violation of Article 35.16(c)(2) of the Code of Criminal Procedure.

■ Prospective juror Magdalene Flannery was excused by peremptory strike by appellant. Appellant exercised all of his peremptory strikes. Additionally, appellant requested an additional peremptory strike which was refused by the court and he informed the court that if he was granted an additional peremptory strike he would have used it against juror number 15 who was seated on the jury panel. Thus, appellant preserved the issue of the denial of challenge for cause for appellate review. *Moreno v. State,* 587 S.W.2d 405, 408 (Tex. Crim.App.1979); *Peters v. State,* 575 S.W.2d 560, 561 (Tex.Crim.App.1979); *Adami v. State,* 524 S.W.2d 693, 700 (Tex.Crim. App.1975); *Sifford v. State,* 505 S.W.2d 866, 867 (Tex.Crim.App.1974).

■ Juror Flannery was asked if she could consider the minimum range of punishment by defense counsel, Hon. Richard Langlois.

Q And with regard to assessing punishment, would you consider the minimum range of punishment or could you only consider perhaps the greater punishment?

A Well, according to the crime. I couldn't—

Q Well, suppose the range of punishment is from five to ninety-nine years.

Would you consider—and knowing at that point that the State has shown to you that the person has been convicted before of a felony offense—

A  Had been?

Q  Right. Had been.

A  Had been.

Q  Right. And the Legislature now tells you that the range of punishment is from five to ninety-nine or life. Would you be able to consider five years under those circumstances?

A  No, I certainly couldn't.

MR. LANGLOIS: Thank you. Your Honor, at this time I would challenge for cause on the basis that the particular prospective juror has a bias against the law upon which the Defendant would rely upon.

THE COURT: Do you wish to inquire, Mr. Granados?

MR. GRANADOS: Yes, Your Honor.

BY MR. GRANADOS:

Q  Mrs. Flannery, by that do you mean that you've already made up your mind that you would not, in any circumstances, give the minimum punishment?

A  No. When you say any circumstances, I would have to hear the case.

Q  Well, could you wait until you've heard all of the evidence—

A  I guess so.

Q  —before you make your decision?

A  Oh, yes.

Q  Have you already—

A  I would definitely hear all of the case. I would never have a preconception of what I would do, you know, what punishment I would want for that person.

Q  Do you already know now what punishment you would assess in this case without hearing any of the evidence? Have you already made up your mind?

A  No. No. Definitely not.

Q  Okay. If the facts called for it, after you heard them, could you assess either the maximum or the minimum depending on what the facts warranted?

A  Yes, I guess so.

Q  Well, could you keep an open mind until you've heard all of the facts?

A  Yes.

MR. GRANADOS: Okay. Your Honor, at this time, based upon the Witness' answers she can remain impartial until the evidence has been heard.

THE COURT: Mrs. Flannery, let me just make sure I understand. Were you confused when Mr. Langlois asked the question? You've answered it two different ways. I just want to be sure.

A  I guess I may have. . . .

The trial court then explained at great length the ranges of punishment for burglary, burglary enhanced by one prior felony, and burglary enhanced by two prior felonies. The court then clarified for Flannery the nature and purpose of the inquiry into her ability to consider the full range of punishment.

[THE COURT:] But what they need to know from you, the attorneys need to know from you, is your honest opinion. If you feel that way, fine. If you don't, occasionally lawyers will ask questions in such a way that jurors get confused because they haven't been down here before and they are a little apprehensive. So if you do understand the question and that's the way you feel, fine.

But if you are confused, they need to know that. That's also fine. That does occur quite often.

A  I think I can keep an open mind. And after I hear all of the evidence, I could go according to what the minimum is of the law.

THE COURT: If you feel the minimum is appropriate, you're not going to automatically exclude it?

A  I guess not.

THE COURT: Okay. Your challenge for cause is denied.

"While this Court has a cold record before it, the trial judge reviewing answers of an equivocating venireman has the opportunity to observe the tone of voice and demeanor of the prospective juror in determining the precise meaning intended." *Garza v. State,* 622 S.W.2d 85, 92 (Tex. Crim.App.1980) (Opinion on State's Motion for Rehearing). After the court's clarification of the question for Flannery, she stated that she "could go according to what the minimum is of the law." We cannot say the trial court erred in refusing to sustain the challenge for cause as to Flannery. *See Barefoot v. State,* 596 S.W.2d 875, 885–886 (Tex.Crim.App.1980), *cert. denied,* 453 U.S. 913, 101 S.Ct. 3146, 69 L.Ed.2d 996 (1981). Appellant's sole ground of error is overruled.

The judgment of the trial court is AFFIRMED.