**Elio TORREZ DIAZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. A14–87–1021–CR, A14–87–1022–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 8, 1988.

---

Catherine Green Burnett, Houston, for appellant.

John F. Carroll, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

Appellant was charged in separate indictments with the offenses of delivery of cocaine (487,440) and possession of cocaine with intent to deliver (487,438). Trial was had on both indictments simultaneously and the jury rejected appellant's not guilty plea, found he had been previously convicted of possession of cocaine and assessed punishment in each case at confinement for 25 years and a fine of $10,000. The trial court did not order cumulation of the sentences. Issues on appeal concern whether collateral estoppel and double jeopardy preclude both convictions, whether the trial court erroneously overruled a challenge for cause of a prospective juror and whether evidence implying an extraneous offense requires reversal. We affirm.

The facts are simple. On the night in question two undercover narcotic officers went to an area in Houston frequented by drug dealers. One of the officers approached appellant who was standing by the side of his Cadillac, parked on the street, while the other officer remained in the undercover pick-up truck. The officer asked appellant for "a half of an eighth" (a street term for 1.5 to 2 grams of cocaine). Appellant opened the hood to the Cadillac, took out a red plastic container and gave to the officer one of several packets of cocaine from the container, for which the officer paid seventy-five dollars. A uniformed patrol officer, who had already been alerted to appear on the scene and make an arrest following the delivery of the drugs, drove up in his patrol car and shined his light on appellant and the undercover officer. Both turned and ran, appellant carrying with him the plastic vial which he threw on top of a nearby building. He was immediately arrested, searched and a .357 pistol was removed from his person. Within five minutes the red plastic vial was recovered from the roof of the building. The packet purchased by the officer weighed approximately 1.5 grams of 91.5 percent pure cocaine. The red plastic vial recovered from the roof contained 18 ziploc packages, 16 of which contained cocaine weighing between .7694 grams (the least weight) to 2.8229 grams (the greatest weight). The combined weight within the sixteen packages was 25.5106 grams of 93.4 percent pure cocaine. Two other empty plastic baggies were found in appellant's car and introduced into evidence.

In his first point of error appellant contends that his convictions for both delivery

of the cocaine (to the undercover police officer) and possession with intent to deliver cocaine (the cocaine recovered from the roof of the building) arose from the same transaction and "are violative of collateral estoppel considerations and double jeopardy protections."

■ The record is silent concerning the reason both offenses were combined for trial; therefore, we do not know whether it occurred at appellant's request or only with his concurrence. However, there was no objection to the concurrent trial nor were there any objections to the charge or requested instructions to the jury. The first complaint made is in appellant's brief filed in this court.

The state does not assert waiver of the double jeopardy issue. Appellant appears to recognize a potential problem but argues that since the court of criminal appeals in *Jones v. State*, 586 S.W.2d 542 (Tex.Crim. App.1979), allowed a plea of former jeopardy to be raised for the first time on appeal "there should be no prohibition to raising a claim of multiple punishment from two convictions obtained from the same underlying facts." It would appear that a constitutionally protected claim of double jeopardy, just like any other constitutionally protected right, could be waived. In fact, prior opinions of the court of criminal appeals had acknowledged the plea could be waived: *Evans v. State*, 479 S.W.2d 282 (Tex.Crim.App.1972); *Dunn v. State*, 242 S.W. 1049 (Tex.Crim.App.1922). The United States Supreme Court also noted that fact in *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). That court held that the actions of the accused in requesting separate trials deprived him of the right to assert rights protected by double jeopardy provisions. *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). The rule has so often been stated that citation of authority is hardly required for the proposition that the accused in any criminal proceeding may waive any right secured to him by the constitution except the right of trial by jury in a capital case. Therefore, by failing to have raised the issue in any manner,

either prior to or during trial, appellant should now be precluded from asserting his claims. This should undoubtedly be true if the joint trial was at appellant's request. However, we feel bound by the latest expression of the court of criminal appeals and will address the issue.

The double jeopardy clause contains three separate guarantees: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction, and (3) it protects against multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). It is clear the protection with which we are here concerned is the third—protection against multiple punishments for the same offense. This guarantee requires a court to review the statutory elements of the two offenses to determine whether they are "the same offense." *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *January v. State*, 695 S.W.2d 215 (Tex.App. Corpus Christi 1985), opinion adopted by the court of criminal appeals, 732 S.W.2d 632 (1987).

■ This case then presents to us the seemingly simple question of whether the sale of the 1.5 grams of cocaine is the "same offense" as possession with intent to deliver approximately 25 grams of cocaine recovered from the roof where appellant had tossed it following the sale. In *Ex Parte McWilliams*, 634 S.W.2d 815 (Tex. Crim.App.1982) the court of criminal appeals abandoned the carving doctrine and held that the test set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) will be applied to all double jeopardy questions. In *May v. State*, 726 S.W.2d 573 (Tex.Crim.App.1987) the court of criminal appeals reaffirmed *McWilliams* insofar as it abolished the carving doctrine but rejected its adoption of *Blockburger* "as the *sole test* for determining jeopardy." (emphasis supplied). The court then noted that, as applied to successive prosecutions for the same offense, cases other than *Blockburger* were applicable. However, as applied to the con-

stitutionality of multiple punishments arising from the same transaction, *Blockburger* remains the test.

The viable portion of *Blockburger*, as adopted in *McWilliams* is applicable to the facts of this case; two offenses are not the same if each provision requires proof of a fact which the other does not. Whether or not there are two offenses is determined largely by the intent of the legislature in defining the "allowable unit of prosecution". *Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978). Depending on the statutory construction, a single transaction may violate a statute twice, constituting two punishable offenses. *Ex parte Rathmell*, 717 S.W.2d 33 (Tex.Crim.App.1986). This is true even though the offenses arose from the same transaction. *McWilliams* (aggravated kidnapping and aggravated robbery), *Ex parte Mike*, 632 S.W.2d 594 (Tex.Crim.App.1980) (aggravated robbery and murder with malice), *Rathmell* (involuntary manslaughter where two people were killed in the same accident) and the same conclusions reached by this court in *Harrison v. State*, 713 S.W.2d 760 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd) (involuntary manslaughter where two people were killed in the same accident).

Appellant was prosecuted under Tex.Rev. Civ.Stat.Ann. art. 4476-15, § 4.03(a) (Vernons Supp.1988) which provides that it is an offense for any person to knowingly or intentionally manufacture, deliver, or possess with intent to manufacture or deliver cocaine. The legislature has therefore determined that it may be an offense to manufacture cocaine, to possess with intent to manufacture cocaine, and to possess with intent to deliver cocaine; such that each individual act constitutes a complete and distinct offense (albeit under the terms of the one statute) and as such each act constitutes a separate "allowable unit of prosecution." The statute may also be construed as providing for a greater/lesser included offense of manufacture and delivery and possession with intent to manufacture and deliver the same quantity of cocaine. In that case, there would be a double jeopardy issue. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). However, we find that where, as in the instant case, the state's charge of possession with intent to deliver and delivery required proof of two separate quantities of cocaine, there is no double jeopardy issue because the statute allows prosecution for each instance. Appellant's first point is overruled.

■ In his second point of error appellant contends the trial court erred in refusing a challenge for cause to a prospective juror who expressed her difficulty disregarding prior convictions in making a determination of appellant's guilt or innocence. We agree with the state that this contention has not been preserved for review. *Sifford v. State*, 505 S.W.2d 866 (Tex.Crim.App.1974). Although the record shows that appellant exhausted his peremptory challenges (using one of them on the prospective juror in question), he did not request an additional peremptory strike and he did not establish that an objectionable juror, upon whom he would have exercised a challenge, was seated. *Sifford* dictates these steps as a procedural predicate to appellant's complaint. Appellant suggests this court abandon this rule and fashion a new one because the second and third requirements are hollow. We, of course, are bound by precedent. Appellant's second point of error is overruled.

■ In his third point of error appellant contends he suffered "a due process violation" when a police officer gave an unresponsive answer implying an extraneous offense. During the direct examination of the undercover officer who made the buy, the prosecutor asked him if he and appellant discussed a price for the cocaine. The officer answered, "Yes, sir. Basically he asked me did I want the same thing as before." Appellant made no objection to the answer. Error, if any, has not been preserved. *Rico v. State*, 707 S.W.2d 549 (Tex.Crim.App.1986). Appellant's third point is overruled.