ble for the trial judge to have allowed the State to put on the prosecuting attorney or a proper witness who had personal knowledge of the fact that notwithstanding the fact that the trial judge granted Kalmbach "use" immunity, she still refused to testify for the State. Of course, such witness would have been subject to the usual rules that govern cross-examination of a witness.

For all of the above reasons, I respectfully dissent to the majority's holding that the trial judge did not err in forcing Kalmbach to verbalize her refusal to testify for the State in the jury's presence.

## DISSENT TO REFUSAL OF APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge, dissenting.

In rejecting appellant's jeopardy claim the court of appeals found that "where, as in the instant case, the state's charge of possession with intent to deliver and delivery required proof of two separate quantities of cocaine, there can be no double jeopardy issue because the statute allows prosecution for each instance." *Diaz v. State*, 762 S.W.2d 701 (Tex.Cr.App.1988).

Without intimating what our own determination might be, I would grant the petition to consider this novel and significant question of jeopardy law.

Because the majority does not, I respectfully dissent.

**Elio Torres DIAZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 0068–89, 0069–89.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1990.

Catherine Greene Burnett, (Court-appointed on appeal), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and John F. Carroll and Mike Roe, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

**Gene Autry JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 038–89.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 26, 1990.

