The STATE of Texas, Appellee,

v.

David LOPEZ, Appellant.

No. 891–90.

Court of Criminal Appeals of Texas, En Banc.

June 12, 1991.

Terrence W. Kirk, Austin (Court appointed), for appellant.

Ronald Earle, Dist. Atty., and Terrence Keel, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

---

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

OVERSTREET, Judge.

Appellant was convicted by a jury of the offense of murder and was sentenced by the trial court to life imprisonment. On appeal, the Third Court of Appeals reversed the conviction on appellant's ground for review contending that the trial court erred in refusing to declare a mistrial when the prosecutor commented on his failure to testify at the guilt stage of the trial. 793 S.W.2d 738.

We originally granted the State's petition on the ground for review claiming that the court of appeals erred in ignoring defense arguments that implicitly questioned the existence of a motive by emphasizing the bizarre nature of the slaying coupled with bad-faith suggestions that appellant was peaceable and that exculpatory evidence was secreted; and that the court of appeals erred in concluding the argument is a flagrant comment on a defendant's failure to testify, incurable by instruction.

Upon review of the briefs and arguments of both the State and appellant, we conclude that the State's petition was improvidently granted. Although this offense represents a heinous crime, we are compelled by the record, by argument of counsel, and by review of the reasoning of the Third Court of Appeals, that its judgment should not be disturbed. The record supports the court of appeals' decision that the prosecutor's argument was a violation of Article I, § 10 of the Texas Constitution and the Fifth Amendment to the United States Constitution. The role of this Court as a reviewing tribunal is to diligently preserve the integrity of our Constitution. Accordingly, the State's petition for discretionary review is dismissed.

McCORMICK, P.J., and WHITE, J., dissent.

MILLER, Justice, dissenting.

We granted the State's petition to determine whether the court of appeals erred in holding the prosecutor's jury argument at guilt/innocence was an impermissible comment on the appellant's failure to testify at his trial. The State contends in its brief that the prosecutor's argument was proper as an "invited" argument and that *Nethery v. State*, 692 S.W.2d 686 (Tex.Cr.App.1985), cert. denied, 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986), controls disposition. The court of appeals distinguished *Nethery* on its facts and concluded "[i]f there was any invitation at all, the prosecutor in his response far exceeded the scope of any invitation by going outside the record." *Lopez v. State*, 793 S.W.2d 738, 742–743 (Tex.App.—Austin 1990). I do not agree with the court of appeals' conclusion. In my opinion, the court of appeals incorrectly distinguishes *Nethery*, fails to discuss *Sifford v. State*, 505 S.W.2d 866 (Tex.Cr.App. 1974), which is also dispositive, and in effect, gives short shrift to the State's contention. Thus, I do not agree with the conclusion of a majority of this Court that the State's petition was improvidently granted, and I dissent.

In *Nethery*, 692 S.W.2d 686, a capital murder case in which the defendant murdered a police officer, defense counsel stated in his jury argument that the State did not have to prove motive, but if it failed to, the jury could consider that as suggesting the defendant's innocence. Defense counsel argued specifically, in part, that:

> And you've got a *man who knows* that he's facing two police officers with guns and gets out of the car and deliberately shoots and kills a policeman. *Where's the logic? What reason is there?*

*Nethery*, at 703 (emphasis in original). The prosecutor responded that at times the State could not present a motive because it was only known to the defendant and that "[i]t's in that head (indicating Defendant). We can't cut open that head." See *Id.* (emphasis in original). After discussing areas of proper jury argument, this Court concluded the prosecutor's argument was not reversible error because it was invited by defense counsel's discussion of motive. *Id.* Although the prosecutor "may have overemphasized" the motive issue, his comments did not exceed the scope of the invited argument because the defense attorney had already referred to the defendant's knowledge. This Court concluded:

> Given the facts of the case, which reflect a senseless killing by [defendant], and

given defense counsel's obvious insinuation in his argument that since no motive was shown perhaps appellant did not shoot the officer, the State's response to this invited argument was not error.

*Id.* at 703–704.

*Sifford,* 505 S.W.2d 866, also discussed invited argument but in a slightly different context. There, the defendant was charged with DWI, and at trial, defense counsel presented evidence from the arresting officer that defendant had taken a breathalyzer test. On cross-examination the State was precluded by defendant's objection from getting the breathalyzer test results before the jury. In his argument at guilt/innocence, defense counsel stated to the jury that he would have been happy to have the State introduce the test results and argued that if the results had been incriminating the State would have used them; otherwise, the only evidence of intoxication was the opinion of the arresting officers. The prosecutor noted in response that he had asked during trial for the test results from one of the officers. The prosecutor also told the jury defense counsel had the same right to subpoena witnesses as did the State, and he insinuated the test results were unfavorable to the defendant because defense counsel had not presented them. This Court concluded the prosecutor's comments were not error because invited and provoked by defense counsel's argument. *Id.* at 869.

The case *sub judice* presents a combination of principles from *Nethery* and *Sifford.* *Nethery* addressed a direct comment on a defendant's failure to testify as invited argument, while *Sifford* concerned comments generated by a defense comment on the State's failure to present favorable evidence (which had been excluded at the request of the defense).

The court of appeals correctly noted that in determining whether an argument was "invited," it must be viewed within the context in which it was made. *Lopez,* 793 S.W.2d at 742. The court of appeals, however, neglected the full picture.

At trial, defense counsel successfully kept from the jury evidence of appellant's former and extensive drug use and abuse. The jury also did not hear that appellant had wide mood swings and acted strangely, physically and emotionally, when he was under the influence of drugs. The facts of this murder were particularly brutal. The victim had been beaten severely, strangled, and raped and sodomized after her death, which left a one-inch tear in her rectum. The victim also had rug and rope burns on her body. Prior to closing arguments at guilt/innocence, defense counsel reaffirmed the ruling excluding the evidence regarding the drug abuse.

Defense counsel's argument consisted of the following pertinent portions, which I quote from the court of appeals' opinion:

> You wait and you say, well, what kind of evidence do we have against David, that someone had the impression that Cyd— Cydney Myers didn't like him? I wouldn't have liked him either if he was around my house and wasn't working. This is not the same thing as killing and raping and sodomizing some other human being. *What is there to show any evidence of that kind of behavior?* But show any evidence of that kind of behavior? But loe (sic) let's see, let's talk about Mr. Rodriguez ...

*Lopez,* 793 S.W.2d at 742 (emphasis added). In concluding, defense counsel also stated:

> ... I am telling you again, we have a 31 year old man who has been here for the last nine years who has a wife and three kids who has remained here in this area, who gets indicted, lo these eight years later and then we have a woman who he hasn't had trouble with, trouble [sic] and this woman is brutalized and beaten and roped burned and rug burned and sodomized and raped after death.

*Id.*

In its opinion, the court of appeals quoted the complained of jury argument by the prosecutor:

> That's the situation you have here in this case. There is one person that didn't get to speak to you today and tell you her side of the story and that is my client, and her name is Cydney Myers. And that was what Cydney Myers looked like back in 1979, and this is what she looked

like after David Lopez got through with her. I apologize that I can't call her to the stand. But that's the way murders occur. They do not occur at 12:00 noon on the Capitol steps. They occur in apartments where nobody else is and bodies are dumped at places to cause people to look at different leads.

Now, I also want to remind you that the State need not prove a motive in this case. You remember that at voir dire, [sic] nothing in that charge requires us to prove a motive. *I submit to you there is, however, a motive for this killing. David Lopez knows that motive. But the State cannot and is not held to show you that motive. The State cannot bring it to you. I submit to you there is a motive in this case.*

*Id.,* at 740–741 (emphasis in original).

In addressing the appellant's contention in this cause, the court of appeals distinguished *Nethery* on the basis that defense counsel did not expressly refer to "motive" or the defendant's "knowledge" in his jury argument. While it is true defense counsel did not use the term "motive", his argument certainly questioned the lack of State's evidence showing any motivation or explanation attributable to the appellant. It is this lack of use of the word "motive" coupled with the failure of the court of appeals to appreciate the nature of motive that led to their perceived error. Motive is not, in common parlance, limited to *inducement* to act; rather, when referring to actions of mentally deranged people, it encompasses the explanation for their actions. Put succinctly: Crazy people aren't motivated to act crazy, they just do. Here, after emphasizing that this was an abnormal/bizarre killing done by an abnormal bizarre killer, defense counsel insinuated

that since the State had not presented any evidence that appellant ever exhibited bizarre behavior then none existed and therefore it could not have been appellant who committed the crime. See *Nethery,* 692 S.W.2d at 703–704. Also, defense counsel in this case, again suggesting appellant was innocent of the offense, pondered the absence of evidence tending to explain such allegedly violent behavior from a man who had apparently lived a normal and nonviolent life in the community since this offense. Much like *Sifford,* 505 S.W.2d at 868–869, the very evidence which could explain such behavior was excluded at trial by defense counsel.

Within this context of the case, and following the precedent of *Nethery* and *Sifford,* it is clear to me that, although his remarks were not as narrow as they necessarily could have been, the prosecutor's argument was an invited and fair response to defense counsel's closing remarks. Had the State specifically referred to what appellant's "motive" was (ugly mood swings due to substance abuse), then it would have gone too far in its response. The prosecutor, however, merely referred to the excluded evidence and suggested that there was a reason for this brutal crime. Given this state of the facts and the law, I conclude the prosecutor did not err in his jury argument[1]. Thus, I would reverse the decision of the court of appeals.

Because a majority of this Court does not do so, I must dissent.

CAMPBELL, J., joins this dissenting opinion.

---

1. Had the remarks of the prosecutor been narrower, I certainly would have more ammunition with which to persuade just one of my brethren to vote to affirm this conviction. But the fact remains that among the twelve appellate judges who have reviewed this case, two out of three believe that the prosecutor committed reversible error. This is neither a close vote nor a new area of law. We aren't even talking about judicial philosophy. The prohibition against commenting on the failure of the defendant to testify is known by every law student.

Every criminal law practitioner further knows that a prosecutor who, by choice or stupidity or lack of mental discipline in the heat of trial, violates this prohibition runs the risk of forcing the innocent but very interested bystanders to literally re-live the trauma and uncertainty of another trial. Here the gamble, for it was certainly that, of the prosecutor didn't pay off. One wonders whether he would have done the same thing if *his own* feelings and emotions were the wager.