TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00321-CR







Harry Johnson, Jr., Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8140, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING






PER CURIAM

 A jury convicted Harry Johnson, Jr. of the murder of his wife. The trial court sentenced
him to sixty-five years in prison. On appeal, Johnson complains of the court's refusal to suppress evidence
gathered in a warrantless search of his truck and the court's refusal to grant a mistrial after the prosecutor
commented on his refusal to testify. We will affirm the judgment.

 Johnson does not challenge the sufficiency of the evidence supporting his conviction. His
defensive theory at trial was that he committed voluntary manslaughter rather than murder. Key evidence
included Johnson's three telephone calls to his friend, Ronald Blackmore, a police officer. Johnson first
called at 2:30 a.m. on the Sunday before the murder, upset because he believed his wife, Josie, was having
an affair. Johnson called Blackmore again on Monday and sounded sad but relieved; he and Josie had
talked about arrangements for custody of the children if they separated. When Johnson called Blackmore
on Tuesday, Johnson was speaking slowly, in a monotone, and not waiting for conversational responses;
he was saying that he had to kill Josie. Blackmore asked to speak to Josie and Johnson handed over the
telephone. Blackmore encouraged Josie to leave. He heard her put down the telephone, then heard a
gunshot. He heard some moaning and Johnson saying that he had killed Josie. Blackmore sped to the
scene after alerting police and emergency authorities. They found Josie shot to death, but Johnson had fled
in his truck to his parents' house. Later that day, Johnson surrendered peacefully to Blackmore.

 By points of error two and three, Johnson contends that the trial court erred in overruling
his motion to suppress a gun (the murder weapon) obtained in an unlawful search of his truck. He contends
that the search violated his rights under the federal constitution (point two) and the state constitution (point
three). We review the denial of the motion to suppress for abuse of discretion. DuBose v. State, 915
S.W.2d 493, 495-96 (Tex. Crim. App. 1996). If the refusal to suppress was error, we look for harm. 
Tex. R. App. P. 81(b)(2); State v. Daugherty, 931 S.W.2d 268, 273 (Tex. Crim. App. 1996). We must
reverse unless we conclude beyond a reasonable doubt that the error did not contribute to the conviction. 
Tex. R. App. P. 81(b)(2). We determine harmlessness by isolating the error and its effects and asking
whether a rational trier of fact might have reached a different result if the error and its effects had not
resulted. Bradford v. State, 873 S.W.2d 15, 21 (Tex. Crim. App. 1993) (citing Harris v. State, 790
S.W.2d 568, 588 (Tex. Crim. App. 1989)). We examine the source and nature of the error, whether or
to what extent it was emphasized by the State, its probable collateral implications, and consider how much
weight a juror would probably place upon the error and determine whether declaring it harmless would
encourage the State to repeat it with impunity. Bradford, 873 S.W.2d at 21.

 Without deciding whether the court erred in refusing to suppress the evidence, we conclude
that any error in the refusal was harmless. The gun was not compelling evidence and had little, if any,
impact on the trial. That Johnson shot and killed his wife was uncontroverted. The issue framed by the
defense was whether Johnson committed murder or merely voluntary manslaughter--essentially a state-of-mind issue; the admission of the gun did nothing to resolve this dispute. The State accordingly did not
emphasize the gun, but rather Johnson's demeanor. Even if the refusal to suppress caused Johnson to
adopt the strategy of essentially confessing voluntary manslaughter, the gun was not critical evidence in light
of Blackmore's testimony. We hold that the admission of the gun did not contribute to Johnson's
conviction and that any error was harmless. We overrule points two and three.

 By point of error one, Johnson complains that the court erred by not granting a mistrial after
the prosecutor commented on his refusal to testify. When Johnson's attorney was cross-examining
Blackmore about his relationship with Johnson (also known as. Rusty) the prosecutor objected, "I'm going
to object to trying to interject how Rusty is feeling or what Rusty's feeling so that he doesn't have to take
the witness stand." (Emphasis added.) Johnson objected to the emphasized language and the court
excused the jury.

 After discussion away from the jury, the court denied the motion for mistrial. The court
noted that the State's objection might have been valid, but it contained a problematic comment; the "other
language along with the objection" was the problem. When the jury returned, the court stated, "[T]he jury
is instructed to disregard, for all purposes, the last objection of the district attorney's office."

 Johnson contends that this case is like Lopez v. State, in which we reversed the judgment
because of a harmful comment on the defendant's failure to testify. 793 S.W.2d 738, 743 (Tex. App.--Austin 1990), pet. dism'd, improvidently granted, 810 S.W.2d 401 (Tex. Crim. App.1991). In Lopez,
this Court focused on one segment of the prosecutor's closing argument: 


I submit to you there is, however, a motive for this killing. [The defendant] knows that
motive. But the State cannot and is not held to show you that motive. The State cannot
bring it to you. I submit to you there is a motive in this case.



The trial court instructed the jury to disregard the statement, but denied the motion for mistrial. The
prosecutor conceded at oral argument and this Court held that this statement was a clear and direct
comment on the defendant's failure to testify. Lopez, 793 S.W.2d at 741. This Court cited numerous
cases holding that reference to motive is a prohibited comment on a defendant's failure to testify. Id. This
Court reversed the conviction, concluding that the comment flagrantly violated constitutional and statutory
provisions, the court's instruction to disregard was not sufficiently severe, and the comment could have
tipped the scales in a case of circumstantial evidence. Id. at 742-43.

 The court of criminal appeals, however, has found language like that used in the
controversial objection not to be a comment on the failure to testify. See McKay v. State, 707 S.W.2d
23, 39 (Tex. Crim. App. 1985). In McKay, when defense counsel asked the defendant's mother what he
told her about certain events, the State objected because "it's indirectly trying to do what they cannot do
directly without the defendant's testimony." Id. The trial court sustained the State's objection to hearsay
and overruled the objection to the comment on the failure to testify. The court of criminal appeals held that,
to be an impermissible comment on the failure to testify, the language had to be manifestly intended or of
such a character that the jury would naturally and necessarily take it to be such a comment. Id. The court
agreed that, in context, the prosecutor made a hearsay objection rather than a comment on the failure to
testify. Noting that the trial court in its charge instructed the jury not to consider his failure to testify for any
purpose, the court of criminal appeals found no error. Id.

 McKay controls the outcome of this case. The objected-to language in this case is virtually
identical to the language in McKay. The language does not invite the jury to draw any sinister conclusions
from the absence of the defendant's testimony, nor does it call attention to information that could only come
from the defendant. See Angel v. State, 627 S.W.2d 424, 426 (Tex. Crim. App. 1982). Instead, the
State's objection intimated that the defense would get the same information from Blackmore that it would
have from Johnson. The trial court's overruling of the State's objection allowed that evidence to come in. 
This contrasts with Lopez, in which the argument impermissibly referred to evidence of motive that could
have come only from the defendant and that did not come into evidence. In addition to charging the jury
not to consider the defendant's failure to testify during deliberations as in McKay, the court here instructed
the jury immediately after the objection to disregard the prosecutor's comment. We overrule point one.

 We affirm the judgment.




Before Justices Powers, Jones and Kidd

Affirmed

Filed: March 27, 1997

Do Not Publish



s Regular"> After discussion away from the jury, the court denied the motion for mistrial. The court
noted that the State's objection might have been valid, but it contained a problematic comment; the "other
language along with the objection" was the problem. When the jury returned, the court stated, "[T]he jury
is instructed to disregard, for all purposes, the last objection of the district attorney's office."

 Johnson contends that this case is like Lopez v. State, in which we reversed the judgment
because of a harmful comment on the defendant's failure to testify. 793 S.W.2d 738, 743 (Tex. App.--Austin 1990), pet. dism'd, improvidently granted, 810 S.W.2d 401 (Tex. Crim. App.1991). In Lopez,
this Court focused on one segment of the prosecutor's closing argument: 


I submit to you there is, however, a motive for this killing. [The defendant] knows that
motive. But the State cannot and is not held to show you that motive. The State cannot
bring it to you. I submit to you there is a motive in this case.



The trial court instructed the jury to disregard the statement, but denied the motion for mistrial. The
prosecutor conceded at oral argument and this Court held that this statement was a clear and direct
comment on the defendant's failure to testify. Lopez, 793 S.W.2d at 741. This Court cited numerous
cases holding that reference to motive is a prohibited comment on a defendant's failure to testify. Id. This
Court reversed the conviction, concluding that the comment flagrantly violated constitutional and statutory
provisions, the court's instruction to disregard was not sufficiently severe, and the comment could have
tipped the scales in a case of circumstantial evidence. Id. at 742-43.

 The court of criminal appeals, however, has found language like that used in the
controversial objection not to be a comment on the failure to testify. See McKay v. State, 707 S.W.2d
23, 39 (Tex. Crim. App. 1985). In McKay, when defense counsel asked the defendant's mother what he
told her about certain events, the State objected because "it's indirectly trying to do what they cannot do
directly without the defendant's testimony." Id. The trial court sustained the State's objection to hearsay
and overruled the objection to the comment on the failure to testify. The court of criminal appeals held that,
to be an impermissible comment on the failure to testify, the language had to be manifestly intended or of
such a character that the jury would naturally and necessarily take it to be such a comment. Id. The court
agreed that, in context, the pro